IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| FRED L. KURTH D/B/A<br>SHERWOOD PARTNERSHIP,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM LLOYDS, RICHARD<br>FREYMAN, and RICHARD LEE<br>WALLIS,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 7:14-cv-00431 |

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants State Farm Lloyds (State Farm) and Richard Lee Wallis file this Motion for Summary Judgment because the appraisal process is complete, and State Farm's payment of the appraisal award entitles Defendants to summary judgment as a matter of law on Plaintiff's contractual and extra-contractual claims.

### I. Summary Judgment Grounds

1. Plaintiff filed this lawsuit as a result of damage to his rental property from the March 29, 2012 storm. Plaintiff invoked the appraisal provision in his State Farm Rental Dwelling Policy and designated Shannon Cook as appraiser. State Farm designated Darrell Edwards as appraiser. Broadly speaking, the appraisal provision allows either party to invoke a process in which the amount of the loss is determined by agreement of appraisers or, if necessary, an umpire mutually agreed to by the appraisers or appointed by the court. The amount of loss in this case was set by agreement of appraiser Cook and the agreed-upon umpire, Cecil Parker. State Farm timely paid the appraisal award within five (5) business days of receipt. Payment of the

appraisal award resolves and disposes of all claims in this lawsuit. Plaintiff is estopped from maintaining a breach of contract claim as a matter of law based on State Farm's timely payment after the appraisal award. Additionally, Plaintiff has no extra-contractual claims because he has suffered no independent injury that would otherwise entitle him to damages, and State Farm timely investigated his claim. Finally, Plaintiff's claims and causes of action against Richard Lee Wallis also fail. Accordingly, Defendants move for summary judgment on all of Plaintiff's claims.

## II. **Summary Judgment Evidence**

2. In support of this motion, State Farm attaches the following summary judgment evidence filed herewith and incorporated by reference as if fully set forth herein:

Exhibit A: Plaintiff's Rental Dwelling Policy with Business Records Affidavit

Exhibit B: Declaration of State Farm Claim Specialist Hunter Newby

    Exhibit B-1: State Farm Claim Activity File Notes Excerpts

    Exhibit B-2: July 27, 2012, State Farm Letter and Estimate

    Exhibit B-3: March 4, 2015, Plaintiff's Appraisal Demand

    Exhibit B-4: March 24, 2015, State Farm's Designation of Appraiser

    Exhibit B-5: Appraisal Award

    Exhibit B-6: March 21, 2016, State Farm's Letter Tendering Payment of Appraisal Award

Exhibit C: *Richardson East Baptist Church v. Philadelphia Indemnity Ins. Co.*, No. 05-14-01491-CV, 2016 Tex. App. LEXIS 3267 (Tex. App.—Dallas March 30, 2016, no pet. h.) (affirming summary judgment for carrier)

Exhibit D: *Stewart v. Geovera Specialty Ins.*, No. H-14-3162 (S.D. Tex., Oct. 21, 2015, Order granting motion for summary judgment for carrier)

3. Plaintiff's rental property is insured for approximately $104,500 under a State Farm Rental Dwelling Policy.[1] On or about July 23, 2012, Plaintiff reported an insurance claim for damage to his rental property from a storm occurring on March 29, 2012.[2] State Farm spoke with Plaintiff on July 26, 2012, to acknowledge the claim and schedule an inspection of the property.[3] State Farm inspected the dwelling on July 27, 2012, and found damage of $944.23, replacement cost value, which did not exceed the Policy's deductible.[4] At the conclusion of the inspection, the adjuster explained the findings to Plaintiff.[5]

4. State Farm had no further contact with Plaintiff until being served with this lawsuit on May 9, 2014.[6] Plaintiff's Petition alleges claims for breach of contract, violations of the Texas Insurance Code, fraud, conspiracy to commit fraud, and breach of the common law duty of good faith and fair dealing.[7] On March 4, 2015, Plaintiff invoked appraisal pursuant to the terms of the Policy and designated Shannon Cook as appraiser.[8] State Farm timely responded on March 24, 2015, and designated Darrell Edwards as appraiser.[9] The appraisers agreed to select Cecil Parker to serve as umpire.[10]

---

[1] *Exhibit A*, Plaintiff's Rental Dwelling Policy with Business Records Affidavit.

[2] *Exhibit B*, Affidavit of Hunter Newby at ¶ 5; *Exhibit B-1*, Claim Activity File Notes Excerpts.

[3] *Ex. B* at ¶ 6; *Exhibit B-1*, Claim Activity File Notes Excerpts.

[4] *Id.*; *Exhibit B-2*, State Farm Letter and Estimate.

[5] *Ex. B* at ¶ 6.

[6] *Id.*

[7] *See* Plaintiff's Original Petition [Dkt. 1-2]. The Court dismissed defendant Richard Freymann on March 4, 2015 [Dkt. 35]. Plaintiff's claims against Defendant Wallis are derivative of and based on the same facts as the claims asserted against State Farm.

[8] *Ex. B* at ¶ 7; *Exhibit B-3*, Plaintiff's Appraisal Demand.

[9] *Ex. B* at ¶ 7; *Exhibit B-4*, State Farm's Designation of Appraiser.

[10] *Ex. B* at ¶ 7.

5. On March 14, 2016, State Farm received an appraisal award signed by appraiser Cook and umpire Parker, setting the amount of loss at $8,862.55, on a replacement cost basis, and $7,516.33, on an actual cash value basis.[11] Five (5) business days later, on March 21, 2016, State Farm timely tendered to Plaintiff, through his counsel, payment of the award (less depreciation and the deductible) in the amount of $6,471.33.[12] To date, Plaintiff has not submitted any repair documentation or requested the release of the replacement cost benefits.[13]

### III. Argument and Authorities

**A. State Farm's payment of the appraisal award estops Plaintiff from maintaining a breach of contract claim.**

6. It is well settled that "[a]n insurer does not breach the insurance contract where, as here, it pays all damages determined by the appraisal."[14] That is because "[t]he effect of an appraisal provision is to estop one party . . . from contesting the issue of damages in a suit on the insurance contract, leaving only the question of liability for the court."[15] Here, no question as to liability remains because State Farm has paid the appraisal award. Under Texas law, a contract claim does not survive the insurer's

---

[11] *Ex. B* at ¶ 8; *Exhibit B-5*, Appraisal Award.

[12] *Ex. B* at ¶ 8; *Exhibit B-6*, Letter Tendering Payment of Appraisal Award.

[13] *Ex. B* at ¶ 8.

[14] *Scalise v. Allstate Texas Lloyds*, Civil Action No. 7:13-CV-178, 2013 U.S. Dist. LEXIS 179692, at *14 (S.D. Tex. Dec. 20, 2013) (citing *Breshears v. State Farm Lloyds*, 155 S.W.3d 340, 344 (Tex. App.—Corpus Christi 2004, pet. denied) (insurer complied with every requirement of contract where it participated in appraisal process and paid amount set by appraisers and umpire)); *see also Devonshire Real Estate & Asset Mgmt., LP v. Am. Ins. Co.*, No. 3:12-CV-2199-B, 2014 U.S. Dist. LEXIS 135939, at *44 (N.D. Tex. Sept. 26, 2014) (quoting *Scalise*); *Russell v. Scottsdale Ins. Co.*, 2014 U.S. Dist. LEXIS 143882, *17 (S.D. Tex. Sept. 30, 2014) (insured is estopped from asserting breach of contract when insurer pays appraisal award); *Caso v. Allstate Tex. Lloyds*, 2014 U.S. Dist. LEXIS 15279, *14-24 (S.D. Tex. February 7, 2014) (finding insured's payment of appraisal award estopped insured's breach of contract claim); *Waterhill Cos. v. Great Am. Assur. Co.*, 2006 U.S. Dist. LEXIS 15302, *8 (S.D. Tex. March 16, 2006) (insurer did not breach contract when it paid appraisal award).

[15] *Wells v. Am. States Preferred Ins. Co.*, 919 S.W.2d 679, 683-85 (Tex. App.—Dallas 1996, writ denied); *see also Lundstrom v. USAA*, 192 S.W.3d 79, 87 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).

4

payment of an appraisal award. For instance, in *Franco v. Slavonic Mutual Fire Insurance*, the insureds, after invoking appraisal, subsequently alleged that "payment of an appraisal award is not dispositive of the Franco Family's entire breach of contract cause of action against Slavonic Mutual."[16] The appellate court disagreed, holding that because the insurer paid the full amount of the appraisal award, the insureds were estopped from maintaining a breach of contract claim against the insurer.[17] Simply put, compliance with the contractual appraisal award negates any claim for breach of contract as a matter of law. Like the insurer in *Franco*, State Farm fully participated in the appraisal process and timely tendered payment of the appraisal award. Accordingly, as a matter of law, there is no breach of contract, and State Farm is entitled to summary judgment on Plaintiff's breach of contract claim.[18]

### B. Without a breach of contract claim, Plaintiff cannot maintain any extra-contractual causes of action.

7. Because the amount of loss has been determined by appraisal and paid, Plaintiff can no longer maintain any of his extra-contractual causes of action because they are derivative of Plaintiff's now defunct breach of contract claim. Plaintiff's Petition alleges extra-contractual causes of action for violations of Chapters 541 and 542 of the

---

[16] *Franco v. Slavonic Mut. Fire Ins.*, 154 S.W.3d 777, 786 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

[17] *Id.; see also Gardner v. State Farm Lloyds*, 76 S.W.3d 140, 143-44 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

[18] *See Blum's Furniture Co. v. Certain Underwriters at Lloyds London*, 459 Fed. App'x 366, 369 (5th Cir. 2012) (holding insurer did not breach the contract where it participated in the appraisal process and tendered payment of the appraisal award); *Breshears*, 155 S.W.3d at 345 (holding insurer entitled to summary judgment on insured's breach of contract claim because the insurer participated in the appraisal process and paid the appraisal award); *Richardson East Baptist Church v. Philadelphia Indemnity Ins. Co.*, No. 05-14-01491-CV, 2016 Tex. App. LEXIS 3267, at *7-12 (Tex. App.—Dallas March 30, 2016, no pet. h.) (affirming summary judgment dismissing breach of contract claim based on appraisal award) (copy attached as **Exhibit C**); *Toonen v. United Servs. Auto Ass'n*, 935 S.W.2d 937, 940 (Tex. App.—San Antonio 1996, no writ) (holding insurer was entitled to summary judgment on breach of contract claim because it tendered appraisal award pursuant to the contract); *Providence Lloyds Ins. Co. v. Crystal City Indep. Sch. Dist.*, 877 S.W.3d 872, 875 (Tex. App—San Antonio 1994, no writ) (holding trial court erred by allowing a trial of a breach of contract claim after insurer promptly paid an appraisal award).

Texas Insurance Code, fraud, conspiracy to commit fraud, and breach of the common law duty of good faith and fair dealing.[19] But the facts giving rise to Plaintiff's extra-contractual causes of action relate solely to State Farm's handling of Plaintiff's insurance claim. Merely showing a *bona fide* dispute about the insurer's liability on the contract does not rise to the level of bad faith, and Plaintiff has not alleged any facts that would give rise to an independent injury claim.[20] For these reasons, Defendants are entitled to summary judgment on each of Plaintiff's extra-contractual causes of action.

### i. No bad faith absent a breach of contract.

8. The general rule in Texas is that an insured cannot prove a bad faith claim absent a breach of contract.[21] The only recognized exceptions to this rule are if the insurer "commit[s] some act, so extreme, that would cause injury independent of the policy claim" or fails "to timely investigate the insured's claim."[22] The principle stems from the fact that the threshold for bad faith can be reached only when a breach of contract is accompanied by an independent tort; evidence that merely shows a *bona fide* dispute about the insurer's liability on the contract (like the coverage dispute here) does not rise to the level of bad faith.[23] Accordingly, when a court finds that an insurer has not breached the policy, the insured cannot maintain a bad faith claim. Plaintiff's causes of action under section 541.060 of the Insurance Code all relate to State Farm's

---

[19] See Plaintiff's Original Petition [Dkt. 1-2].

[20] See *Charles G. Aldous PC v. Lugo*, No. 3:13-CV-3310-L, 2014 U.S. Dist. LEXIS 159684, *12-13 (N.D. Tex. Nov. 12, 2014) ("There can be no recovery against an insurer for extra-contractual damages for mishandling claims unless the complained of actions or omissions caused injury independent of that which would have resulted from a wrongful denial of policy benefits.") (quoting *Parkans Int'l LLC v. Zurich Ins. Co.*, 299 F.3d 514, 519 (5th Cir. 2002)).

[21] *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995); *Toonen*, 935 S.W.2d at 941.

[22] *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996); *Republic Ins. Co.*, 903 S.W.2d at 341; *Toonen*, 935 S.W.2d at 941.

[23] *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 18 (Tex. 1994); *Nat'l Union Fire Ins. v. Dominguez*, 873 S.W.2d 373, 376-77 (Tex. 1994); *Nat'l Union Fire Ins. Co. v. Hudson Energy Co.*, 780 S.W.2d 417, 426 (Tex. App.—Texarkana 1989), *aff'd*, 811 S.W.2d 552 (Tex. 1991).

claims handling.[24] Liability under the Insurance Code Chapter 541 is reviewed under the "same standard as a common law bad faith claim," and requires the same predicate for recovery.[25] And "evidence of proper completion of the appraisal process and tendering of payment" shows there are no genuine issues of material fact for Plaintiff's claims for fraud and conspiracy to commit fraud.[26] Also, the alleged misrepresentations plead by Plaintiff[27] are not actionable as a matter of law.[28]

6. State Farm promptly acknowledged and began an investigation of Plaintiff's claim after he reported it.[29] State Farm fully participated in the appraisal process and timely tendered payment of the appraisal award after receiving it.[30] Because the facts are undisputed that State Farm timely investigated the claim and then later paid the amount of loss based on the appraisal award, and Plaintiff has not alleged any facts which would give rise to an independent injury claim, Defendants are entitled to summary judgment as a matter of law on Plaintiff's extra-contractual claims.

---

[24] See Plaintiff's Original Petition at ¶¶ 24-28, 35-45, 59-64 [Dkt. 1-2].

[25] See Tex. Mut. Ins. Co. v. Sara Care Child Care Ctr., Inc., 324 S.W.3d 305, 317 (Tex. App.—El Paso 2010, pet. denied); Spicewood Summit Office Condominiums Ass'n, Inc. v. Amer. First Lloyd's Ins. Co., 287 S.W.3d 461, 468 (Tex. App.—Austin 2009, pet. denied); Douglas v. State Farm Lloyds, 37 F.Supp.2d 532, 544 (S.D. Tex. 1999); Higginbotham v. State Farm Mut. Auto. Ins. Co., 103 F.3d 456, 460 (5th Cir. 1997) (holding Texas courts have ruled that Insurance Code claims require same predicate for recovery as bad faith causes of action).

[26] Tabor v. State Farm Lloyds, No. 7:14-cv-389 (S.D. Tex. April 9, 2015); see also Barry v. Allstate Texas Lloyds, No. 4:14-cv-00870, 2015 U.S. Dist. LEXIS 40953, *15-17 (S.D. Tex. March 31, 2015) (dismissing fraud claim on summary judgment after payment of appraisal award).

[27] Plaintiff's alleged misrepresentations are generally that State Farm "represented in its Policy that covered damages would be insured against loss," and a statement in State Farm's estimate that "We want you to receive quality repair work to restore the damage to your property." Plaintiff's Original Petition at ¶¶ 52, 48 [Dkt. 1-2].

[28] See, e.g., Weber Paradise Apartments, LP v. Lexington Ins. Co., No. 3:12-CV-5222-L, 2013 U.S. Dist. LEXIS 72892, at *20-23 (N.D. Tex. May 23, 2013) (general allegations without critical underlying facts fail to state a fraud claim); Druker v. Fortis Health, No. 5:06-cv-00052, 2007 U.S. Dist. LEXIS 402, at *13-16 (S.D. Tex. Jan. 4, 2007) (general assurance policy would be honored is not a material misrepresentation that can support a fraud claim); Griggs v. State Farm Lloyds, 181 F.3d 694, 701 (5th Cir. 1999) (statements about claims being handled professionally "more in the nature of non-actionable puffery than actionable representations of material fact.").

[29] Ex. B at ¶¶ 5-6.

[30] Ex. B at ¶¶ 7-8; Exhibit B-6, State Farm Letter Tendering Payment of Appraisal Award.

Additionally, Plaintiff has not alleged any valid claims or causes of action against Richard Lee Wallis. The causes of action Plaintiff has asserted against Mr. Wallis in his pleadings fail and therefore Mr. Wallis is also entitled to a summary judgment.

### ii. Timely payment of an appraisal award precludes prompt payment damages under Chapter 542 of the Texas Insurance Code.

9. State Farm received the signed appraisal award on March 14, 2016, and tendered payment of the award on March 21, 2016—five (5) business days later.[31] Under Texas law, full and timely payment of the appraisal award "precludes an award of penalties under the Insurance Code's prompt payment provisions as a matter of law."[32] As explained in *Mag-Dolphus, Inc. v. Ohio Cas. Ins. Co.*, "when the appraisal clause is invoked, a delay in payment pursuant to the appraisal process does not constitute a §542.058 violation."[33] Similarly, as explained in *Scalise v. Allstate Texas Lloyds*, "an

---

[31] *Ex. B* at ¶ 8; *Exhibit B-6*, State Farm Letter Tendering Payment of Appraisal Award.

[32] *Stewart v. Geovera Specialty Ins.*, Civil Action No. H-14-3162, p. 8 (S.D. Tex., Oct. 21, 2015, Memorandum and Order, Judge Ewing Werlein, Jr.) (copy attached as **Exhibit D**); *In re Slavonic Mut. Fire Ins. Ass'n*, 308 S.W.3d 556, 563-64 (Tex. App.—Houston [14th Dist.] 2010, no pet.)); *see also Amine v. Liberty Lloyds of Tex., Inc.*, No. 01-06-00396-CV, 2007 Tex. App. LEXIS 6280, at *4-6 (Tex. App.—Houston [1st Dist.] Aug. 9, 2007, no pet.); *Breshears*, 155 S.W.3d at 344; *Bernstien v. Safeco Ins. Co.*, No. 05-13-01533-CV, 2015 Tex. App. LEXIS 6699, at *3 (Tex. App.—Dallas, June 30, 2015, no pet.).

[33] *Mag-Dolphus, Inc. v. Ohio Cas. Ins. Co.*, 906 F. Supp. 2d 642, 652 (S.D. Tex. 2012); *see also Blum's Furniture Co. v. Certain Underwriters at Lloyds London*, 459 App'x 366, 369 (5th Cir. 2012) (affirming district court's entire summary judgment for insurer, including prompt payment claim, based on timely payment of appraisal award); *see also Hinojosa v. State Farm Lloyds*, Civ. Action No. 7:14-CV-633, Minute Entry of 03/30/16 (S.D. Tex., March 30, 2016); *Barreiro, et al. v. State Farm Lloyds, et al.*, Civ. Action No. 7:14-CV-535, Minute Entry of 03/30/16 (S.D. Tex., March 30, 2016); *Mata, et al. v. State Farm Lloyds, et al.*, Civ. Action No. 7:14-CV-423, Minute Entry of 03/30/16 (S.D. Tex., March 30, 2016); *Guerra, et al. v. State Farm Lloyds, et al.*, Civ. Action No. 7:14-CV-312, Minute Entry of 03/30/16 (S.D. Tex., March 30, 2016); *Garcia v. State Farm Lloyds, et al.*, Civ. Action No. 7:14-CV-398, Minute Entry of 03/30/16 (S.D. Tex., March 30, 2016); *Casas, et al. v. State Farm Lloyds, et al.*, Civ. Action No. 7:14-CV-382, Minute Entry of 03/30/16 (S.D. Tex., March 30, 2016); *Ramirez v. State Farm Lloyds, et al.*, Civ. Action No. 7:14-CV-00443, Minute Entry of 03/24/16 (S.D. Tex., March 24, 2016); *Cavazos v. State Farm Lloyds*, Civ. Action No. 7:13-CV-00252, Minute Entry of 10/27/15 (S.D. Tex., Oct. 27, 2015); *Corpus v. State Farm Lloyds*, Civ. Action No. 7:14-CV-00383, Minute Entry of 10/27/15 (S.D. Tex., Oct. 27, 2015); *Guerra v. State Farm Lloyds*, Civ. Action No. 7:14-CV-00381, Minute Entry of 10/27/15 (S.D. Tex., Oct. 27, 2015); *Solis v. State Farm Lloyds*, Civ. Action No. 7:13-CV-00149, Minute Entry of 10/27/15 (S.D. Tex., Oct. 27, 2015); *Villanueva v. State Farm Lloyds*, 7:13-CV-00601, Minute Entry of 10/27/15 (S.D. Tex., Oct. 27, 2015); *Rios v. State Farm Lloyds*, Civ. Action No. 7:13-CV-00187, Minute Entry of 8/17/15 (S.D. Tex., August 17, 2015); *Rios v. State Farm Lloyds*, Civ. Action No. 7:13-CV-00187, Minute Entry of 8/17/15 (S.D. Tex., August 17, 2015).

8

insurer commits no prompt payment violation when it submits to the delay inherent in the contractual appraisal process (in this case, invoked by the insured) before paying all covered damages determined by that process."[34] When the insured in *Gabriel v. Allstate Texas Lloyds* argued that Allstate breached the prompt-payment requirements of Chapter 542 "by failing to pay the appraisal-determined amount of loss during the initial adjustment of the claim," the court was clear: "these arguments misinterpret the relevant authorities and are vitiated by the policy, statute, and record."[35]

10. Because State Farm timely paid the award, there is no violation of the Texas Insurance Code's prompt payments deadlines. Thus, State Farm is entitled, as a matter of law, to summary judgment on Plaintiff's claim for alleged violations of Chapter 542 of the Texas Insurance Code.

## IV. Conclusion and Prayer

11. By participating in the appraisal process, the parties agreed the appraisal award would "set the amount of loss." Appraisal has concluded and a binding appraisal award was issued setting the amount of loss. State Farm paid the award and there are no remaining issues regarding damages or liability; therefore, as a matter of law, Plaintiff cannot maintain a breach of contract action. Plaintiff's extra-contractual claims, which are derivative of his breach of contract claim and unsupported by any evidence, also fail. Accordingly, Defendants are entitled to judgment as a matter of law on all of Plaintiff's claims alleged in this suit, including breach of contract, violations of the Texas Insurance Code, fraud, conspiracy to commit fraud, and breach of the duty of good faith and fair dealing.

---

[34] *Scalise v. Allstate Texas Lloyds*, No. 7:13-CV-178, 2013 U.S. Dist. LEXIS 179692, at *17-19 (S.D. Tex. Dec. 20, 2013).

[35] *Gabriel v. Allstate Texas Lloyds*, 2013 U.S. Dist. LEXIS 186032, *12 (S.D. Tex. Nov. 1, 2013).

12. Defendants State Farm Lloyds and Richard Wallis respectfully request that the Court grant summary judgment in favor of Defendants on all of Plaintiff's claims. Defendants further pray for all other relief the Court finds just and equitable.

> Respectfully submitted,
>
> **RAMEY, CHANDLER, QUINN & ZITO, P.C.**
>
> By: */s/ Brian M. Chandler*
> Brian M. Chandler
> State Bar No. 04091500
> Federal Bar No. 7660
> bmc@ramey-chandler.com
> Ronald P. Schramm
> State Bar No. 17810385
> Federal Bar No. 174875
> rps@ramey-chandler.com
> 750 Bering Drive, Suite 600
> Houston, Texas 77057
> (713) 266-0074
> (713) 266-1064 *(fax)*
>
> **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was duly served upon counsel of record by electronic filing and/or certified mail, return receipt requested, facsimile or hand delivery on May 19, 2016:

J. Steve Mostyn
The Mostyn Law Firm
3810 West Alabama Street
Houston, Texas 77027

> */s/ Brian M. Chandler*
> Brian M. Chandler